UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

YECHEZKEL RODAL,

        Plaintiff,

vs.

SIRIUS XM RADIO INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, YECHEZKEL RODAL, and brings this action against the Defendant, SIRIUS XM RADIO INC. ("SIRIUS"), and as grounds thereof would allege as follows:

1. Aimed at giving cell phone users a choice as to whether companies may contact them using automated equipment, the Telephone Consumer Protection Act, 47 U.S.C.§227(b), prohibits the making of automated calls and text messages to cell phones, unless the recipient provides prior express consent to receive such messages.

## JURISDICTION

2. This is an action brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

3. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a

*FD-2066*

paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

4. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and the events that giving rise to Plaintiff's cause of action occurred in this District .

## PARTIES

5. Plaintiff is and at all times mentioned herein was, a corporation whose primary place of business is located at 1221 Avenue of the Americas, New York, New York. SIRIUS may be served by its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

6. SIRIUS is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Sirius conducted business in the State of Florida and in the County of Broward, and within this judicial district.

7. At all times relevant to this complaint, the SIRIUS has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(14).

8. At all times relevant to this complaint, SIRIUS engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(43).

9. At all times relevant to this complaint, SIRIUS engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(22).

10. At all times relevant to this complaint, SIRIUS is a corporation and a "person" as defined by the TCPA. 47 U.S.C. § 153(10).

11. At all times relevant to this complaint, SIRIUS has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(52).

12. At all times relevant to this complaint, SIRIUS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

13. At all times relevant to this complaint, the Plaintiff, was and is a natural person, and a "person" as defined by the TCPA. 47 U.S.C. § 153(10) with standing to bring a claim under the TCPA by virtue of being directly affected by violations of the Act.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about January 2013, Plaintiff leased a car that came with a three-month trial subscription from Defendant.

15. At no point in time did Plaintiff sign any agreement with Defendant or provide his cellular telephone number to Defendant.

16. After the three month trial subscription was over, Defendant began calling Plaintiff on his cellular phone to get Plaintiff to purchase a new subscription.

17. Upon information and belief, Defendant, SIRIUS by and through its through its agents, representatives and/or employees acting within the scope of their authority, placed the calls Plaintiff by using an automatic telephone dialing system to Plaintiff's cellular telephone, 954-xxx-9996.

18. These calls originated from 888-553-9879 and include but are not limited to calls placed on April 15, 2013 at or about 12:38 p.m. and April 17, 2013 at or about 12:50 p.m.

19. In an attempt to end the harassing and annoying telephone calls, Plaintiff sent a letter to Defendant, requesting that Defendant stop calling Plaintiff on his cell phone.

20. A true and correct copy of the letter is attached hereto as Exhibit "A".

21. Within a few days of Defendant's receipt of the letter, a representative of Defendant called the Plaintiff on his cell phone to inform him that SIRIUS had received the letter and that he would no longer received calls.

22. Astonishingly, despite the letter, Defendant against started calling Plaintiff on his cell phone by using an auto-dialer on May 23, 2013, and almost every day in the first two weeks of June 2013.

23. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

**COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)**

26. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25.

*FD-2066*

27. Defendant placed many non-emergency calls, including but limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

28. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

47 U.S.C. § 227(a)(1).

29. Plaintiff did not expressly consent to SIRIUS to contact him via cellular phone, and even if Plaintiff had, the April 23, 2013 letter attached as Exhibit "A" was an express revocation of any such consent.

30. For each of the above phone calls placed to Plaintiff's cellular telephone, Plaintiff has been charged by his telephone service provider.

31. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

32. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

33. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

34. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

35. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

36. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

37. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

38. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

*FD-2066*

39. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages of $1,500.00 for each and every violation, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, YECHEZKEL RODAL, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
FBN: 91210
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786
E-mail:   chezky@floridaloanlawyers.com

FD-2066